# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2018, 11:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Justice,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 25, 2018<br><br>Court of Appeals Case No.<br>49A02-1709-CR-2104<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Grant W. Hawkins, Judge<br><br>Trial Court Cause No.<br>49G05-1402-FA-8268 |

**Baker, Judge.**

[1] Christopher Justice appeals his conviction for Class A Felony Attempted Murder,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

[2] Justice and Shirley Justice (Shirley) are divorced and have a minor child, A.J. In the years leading up to February 2014, Justice and Shirley were engaged in a protracted and heated custody dispute.

[3] On February 18, 2014, Shirley dropped off A.J. at daycare. After Shirley exited the daycare building, she walked to her car, opened her car door, and heard glass shatter. As she ran to the back of the car to take cover, she saw Justice coming towards her with two guns, one in each hand. She begged Justice to stop but he continued to fire his weapons. Shirley felt a bullet go through her left hand and continued to hear shots as she fell to the ground in an attempt to feign death. After Shirley fell to the ground, Justice grabbed her hair and shot her in the right side of the head. Justice then stepped over her body and left the scene. He shot Shirley a total of fourteen times, causing significant and life-threatening injuries to her liver, colon, and heart, and resulting in over thirty surgical procedures.

[4] Law enforcement found two types of bullets at the scene, one of which was 9-millimeter rounds that had been fired from a Hi-Point firearm. A search of Justice's apartment revealed an empty box for a Hi-Point 9-millimeter pistol

---

[1] Ind. Code § 35-41-5-1; Ind. Code § 35-42-1-1.

with Justice's fingerprints on it and a receipt for the purchase of the firearm from a gun shop in Lexington, Kentucky. Two days after the shooting, Justice was located and arrested in Lexington, Kentucky.

[5] On February 19, 2014, the State charged Justice with Class A felony attempted murder. Justice's bench trial took place on July 31, 2017. Shirley testified at the trial, stating explicitly that Justice was the person who had shot her. The trial court found Justice guilty as charged. On August 17, 2017, the trial court sentenced Justice to twenty-four years imprisonment. Justice now appeals.[2]

[6] Justice's sole argument on appeal is that the evidence does not support a conclusion that he was the person who shot Shirley. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[7] Shirley testified at Justice's trial that he was the shooter. Tr. Vol. II p. 168-72. Indeed, she explicitly identified him in court as the person who had shot her. *Id.* at 137-74. Her testimony, alone, is sufficient to support the conviction. *See,*

---

[2] Shirley died in March 2018.

*e.g.*, *Hubbard v. State*, 719 N.E.2d 1219, 1220 (Ind. 1999) (testimony of victim, who was sole eyewitness, was sufficient to support defendant's convictions).

[8] Additionally, the other evidence presented at trial corroborated Shirley's testimony. Justice had a clear motive to harm Shirley—the heated custody battle—and he had opportunity to commit the crime because he knew Shirley's morning routine and knew exactly where she would be at that time of day. Bullets found at the scene corroborated Shirley's testimony that Justice shot her with two different guns. The 9-millimeter bullets found at the scene match the type of firearm Justice had purchased in Lexington, Kentucky. Justice was found two days later in Lexington, Kentucky.

[9] In sum, we find that the evidence readily supports Justice's conviction.

[10] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.